UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| MARK PITRE | * | CIVIL ACTION NO.: |
|---|---|---|
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| AEGIS SECURITY INSURANCE COMPANY | * | MAGISTRATE: |
| | * | |

## NOTICE OF REMOVAL

Aegis Security Insurance Company files this Notice of Removal of this cause from the 17TH Judicial District Court for the Parish of Lafourche, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana. This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs.

*1.* This case was commenced in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, with citation and plaintiff's Petition based on a First-Party Insurance Policy for Hurricane-Related Damages setting forth the claim for relief upon which this action is based. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings, and all orders of the court in the state action are attached hereto. Exhibit "1" *in globo.*

2. This action is one of a civil nature for alleged property damage and penalties and attorney's fees.

3. Upon information and belief, plaintiff is a citizen of the State of Louisiana as alleged in the petition. According to the Petition, plaintiff is domiciled in Louisiana.

4. Aegis Security Insurance Company is a foreign insurance corporation which is

incorporated and domiciled in the state of Pennsylvania.

5.  The above-described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiff's January 4, 2024 email states that plaintiff's damages are in excess of $75,000.00. Exhibit "2".

6.  Counsel for plaintiff provided a renovation quote in the amount of $59,769.50 on January 4, 2024. Exhibit "3". Plaintiff's Petition also alleges entitlement to penalties and attorney's fees.

7.  Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition that the amount in controversy does not exceed $75,000.00 in order to avoid removal. ***Ditcharo v. United Parcel Service, Inc.,*** 376 Fed.App. 432 (5th Cir. (La) 2010), states:

> Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000.00 in their pleadings. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds §1332's jurisdictional threshold,…[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000.00." *Grant,* 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938))). Plaintiffs may attempt to establish such "legal certainty" by submitting a "binding stipulation or affidavit" with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold. *See De Aguilar,* 47 F.3d at 1412 (quoting *In Re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992 (per curiam)).

Article 893, Louisiana Code of Civil Procedure states in pertinent part the following:

> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for

other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.  By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

Respectfully submitted,

**UNGARINO & MALDONADO, LLC**

**/s/ WAYNE R. MALDONADO**
**WAYNE R. MALDONADO (#19076)**
**ALEX J. GRANIER (#36475)**
**3850 North Causeway Blvd., Ste. 1280**
**Metairie, LA  70002**
**Telephone/Facsimile:  504/836-7554**
wmaldonado@ungarino.com
agranier@ungarino.com

---

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, either by

x    **electronic delivery**,

☐    facsimile, or by

☐    United States mail properly addressed and first-class postage prepaid on the 10th day of January, 2024.

/s/ Wayne R. Maldonado
WAYNE R. MALDONADO